IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          No. 17-cr-2568 JCH-KK
                                                              No. 21-cv-1178 JCH-KK

JAIME SANTIESTEBAN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Jaime Santiesteban's Letter-Motion to Reduce Sentence (Letter-Motion) (Doc. 66).[1] Petitioner is incarcerated and proceeding *pro se*. His Letter-Motion inquires about resentencing under a new law, which appears to apply in Washington state. To the extent Petitioner seeks advice, such request is denied. To the extent he hopes to raise a successive 28 U.S.C. § 2255 habeas claim, the Court lacks jurisdiction to grant relief.

## BACKGROUND

In 2018, Petitioner pled guilty to felon in possession of a firearm (18 U.S.C. § 922(g)(1)). (Doc. 30). The underlying felonies, as relevant here, include contributing to the delinquency of a minor; possession of a controlled substance; felon in possession of a firearm; tampering with evidence; and battery on a peace officer. (Doc. 30 at 8-9). The Court (Hon. James A. Parker) sentenced Petitioner to 78 months imprisonment. (Doc. 49). Judgment on the conviction and sentence was entered September 25, 2018. *Id.* Petitioner did not file a direct appeal. The Judgment therefore became final no later than October 10, 2018, after expiration of the fourteen-day criminal appeal period. *See United States v. Mathisen*, 822 Fed. App'x 752, 753 (10th Cir.

---

[1] Unless otherwise noted, all docket references are to the criminal case, 17-cr-2568 JCH-KK.

2020) (noting defendant's "criminal conviction became final when his time for filing a direct appeal expired—fourteen days after" entry of the judgment); *United States v. Hurst*, 322 F.3d 1256, 1261–62 (10th Cir. 2003) (same).

Petitioner did not file a direct appeal. On July 8, 2019, he filed a *pro se* Plea for Consideration of Sentence. (Doc. 50) (First Motion). The First Motion sought relief under *United States v. Davis*, 139 S. Ct. 2319 (2019). Judge Parker notified Petitioner that *Davis* relief is only available under 28 U.S.C. § 2255, and that unless the First Motion was withdrawn, it would be recharacterized under § 2255. (Doc. 2 in 19-cv-623 JAP-SMV). Petitioner declined to withdraw the First Motion or file an amendment. By an Order entered December 27, 2019, Judge Parker dismissed the First Motion pursuant to § 2255 and the Rules Governing § 2255 Proceedings. (Doc. 8 in 19-cv-623 JAP-SMV). The Order warned that "any subsequent § 2255 motions will be subject to the restriction on second or successive motions in 28 U.S.C. §§ 2244 and 2255(h)." *Id.*

Petitioner filed the instant Letter-Motion on December 9, 2021. (Doc. 66). The Court will evaluate whether the Letter-Motion states a claim for federal relief, as set forth below.

## DISCUSSION

In the Letter-Motion, Petitioner asks the Court to advise on whether he qualifies for relief under a "new law … called the *Blake* Process." *Id.* at 1. According to Petitioner, *Blake* "has to do with [his] prior convictions," some of which "are as old as 2003, 2004, [or] 2005." *Id.* The Court has not uncovered any United States Supreme Court or Tenth Circuit case with a title featuring the word *Blake*, decided within one year of the Letter-Motion, that would permit relief from any criminal conviction and/or a sentence reduction. The Court discerns Petitioner likely seeks relief under *State v. Blake*, 481 P.3d 521 (Wa. 2021). *Blake* held that the Washington state

statute criminalizing possession of a controlled substance is constitutionally invalid. Petitioner's instant § 922(g)(1) conviction is predicated, in part, on his underlying New Mexico state convictions for possession of a controlled substance. (Doc. 32 at 8-10). Those offenses primarily occurred in the 2004, within the date range cited in the Letter-Motion. *Id.* Thus, it appears Petitioner believes his underlying drug felonies may be invalid under *Blake*; he was permitted to possess a firearm on the date of the offense; and his § 922(g)(1) conviction can be vacated.

The Court cannot issue an advisory ruling on *Blake*. However, the Letter-Motion may raise a successive habeas claim, which requires a cursory consideration the merits. *See In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). A post-judgment motion should be construed as a successive habeas petition "if it in substance or effect asserts … a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). *See also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (filings are construed under § 2255 when they "collaterally attack the validity of a conviction and sentence"). This includes post-judgment motions where the defendant does not cite 28 U.S.C. § 2255 but "wishes to allege his … sentence was unlawful." *United States v. Nelson,* 465 F.3d 1145, 1148-49 (10th Cir. 2006). Petitioner's argument that his predicate offenses are no longer crimes under *Blake* necessarily challenges the validity of his § 922(g) conviction. The Court will therefore evaluate how to proceed on any successive § 2255 claim.

By statute, District Courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the District Court. *Id.* The failure to obtain such authorization is a jurisdictional defect barring

relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization.").

Where, as here, the defendant files a second § 2255 motion without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second or successive motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

*Blake* is not a new rule of federal constitutional law because it only applies to convictions in the State of Washington. And, even if *Blake* applied nationwide – such that possession of a controlled substance no longer qualified as a predicate felony under § 922(g) – it would not provide a basis for § 2255 relief. Petitioner's § 922(g) conviction was based on several other predicate felonies, including contributing to the delinquency of a minor and battery on a peace officer. (Doc. 30 at 8-9). Accordingly, the merits of Petitioner's claims do not favor a transfer to the Tenth Circuit. Petitioner's claims would also be time-barred if filed anew in the proper forum. Section 2255 claims must generally be filed within one year after the Judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Petitioner's Judgment became final in 2018, after expiration of the direct appeal period, and the limitation period expired in 2019. *See Rhine v. Boone*, 182 F.3d

1153, 1155 (10th Cir. 1999) (addressing finality under § 2255).

For these reasons, the Court declines to transfer any successive habeas claims to the Tenth Circuit. The Court will dismiss any successive habeas claims for lack of jurisdiction. The Court will also deny a appealability under Habeas Corpus Rule 11, as this ruling is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS ORDERED** that Jaime Santiesteban's Letter-Motion to Reduce Sentence (CV Doc. 1; CR Doc. 66) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil habeas case.

_____
SENIOR UNITED STATES DISTRICT JUDGE